ROBERTS, J.,
concurring in result.
I agree that this case must be reversed, but write to emphasize that my opinion is solely based upon the trial court’s focus on the minor’s use of the judicial waiver process. The Supreme Court has held that minors may seek an abortion and a state may not enact legislation that gives the minor’s parents veto power over that decision. See Planned Parenthood of Cent. Mo. v. Danforth, 428 U.S. 52, 74, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976). The Court also recognized the important role of parents in counseling their children regarding important life decisions. See Bellotti v. Baird, 443 U.S. 622, 635-38, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979). Many states have attempted to require some level of parental consultation — either consent and/or notification — before a minor may have an *724 abortion. Many of these laws have not survived constitutional challenge as being overly restrictive. With regard to parental notification laws, the Supreme Court has upheld notification requirements although it has declined to specify that a judicial bypass is a mandatory component in the parental notification context. See e.g., Ohio v. Akron Ctr. for Reprod. Health, 497 U.S. 502, 510-11, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990) (upholding an Ohio statute that required parental notice, but provided for a judicial bypass upon clear and convincing proof of maturity or best interests by the minor).
As discussed by Judge Makar, Florida has followed a similar trajectory to the federal ease law. In 1989, the Florida Supreme Court struck down the existing parental consent statute pursuant the right to privacy found in Article I, section 23 of the Florida Constitution. See In re T.W., 551 So.2d 1186 (Fla.1989). Florida’s 1999 attempt to require parental notification was also invalidated by the Florida Supreme Court on similar grounds. See N. Fla. Women’s Health & Counseling Srvs., Inc. v. State, 866 So.2d 612 (Fla.2003).
In 2004, the people of Florida explicitly amended the Constitution to authorize the legislature to require parental notification. See Art. X, sec. 22, Fla. Const. The amendment further stated that the legislature “shall provide exceptions to such requirement for notification and shall create a process for judicial waiver of the notification.” Art. X, sec. 22, Fla. Const. Thus, the legislature was no longer impeded from requiring parental notification, but was simultaneously mandated to create a process whereby parental notification could be judicially waived and a minor could ultimately obtain an abortion without her parents’ knowledge.
In 2005, the legislature passed a revised version of its parental notification statute that was codified in section 390.01114, Florida Statutes. See Ch.2005-52, § 2, Laws of Fla. Section 390.01114 required a physician to notify a minor’s parent or legal guardian before performing or inducing an abortion, but provided an exception to the notice requirement in certain circumstances, one of which being judicial waiver.
In 2011, the legislature amended section 390.01114 most notably to expand the provisions regarding the procedure for judicial waiver of notice. See Ch.2011-227, § 1, Laws of Fla. Judicial waiver may be based upon three statutory grounds; two of which are relevant here. First, the circuit court may grant a petition for judicial waiver upon a finding by clear and convincing evidence that the minor is “sufficiently mature to decide whether to terminate her pregnancy.” § 390.01114(4)(c), Fla. Stat. (2013). Second, judicial waiver may be based upon a finding by clear and convincing evidence that “the notification of a parent or guardian is not in the best interest of the [minor].” § 390.01114(4)(d), Fla. Stat. (2013).
The 2011 amendments added eight factors that the trial court is to consider in determining whether the minor was sufficiently mature to decide whether to terminate. These non-exhaustive factors include the minor’s: age, overall intelligence, emotional development and stability, credibility and demeanor as a witness, ability to accept responsibility, ability to assess both the immediate and long-range consequences of her choices, and ability to understand and explain the medical risks of terminating her pregnancy and to apply that understanding to her decision. § 390.01114(4)(c)l.a.-g., Fla. Stat. (2013). In addition, the trial court is directed to consider whether there may be any undue influence by another on the minor’s deci *725 sion to have an abortion. § 390.01114(4)(e)2., Fla. Stat. (2013).
If the minor’s petition for judicial waiver is denied, she has the ability to appeal the decision to an appellate court. § 390.01114(4)(b)2., Fla. Stat. (2013). The 2011 amendments specifically added a provision stating that the appellate court’s reversal of the trial court must be based on an abuse of discretion standard of review and not upon the weight of the evidence presented to the trial court. § 390.01114(4)(b)2., Fla. Stat. (2013). As thoroughly explained by Judge Makar, the inclusion of this standard of review demonstrated a legislative intent that express deference to the trial court’s evidentiary evaluation is warranted, due, in large part, to the non-adversarial nature of the proceeding. The complexity in the review at the appellate level arises because much of the trial court’s analysis is based upon subjective factors such as credibility. While the trial court is in the best position to evaluate these subjective factors, the highly deferential standard of appellate review, as noted by Judge Wetherell, does not require this Court to “rubber stamp” the trial court’s decision.
In the instant case, the trial court performed a thorough analysis of the two grounds for judicial waiver. First, the trial court articulated the eight statutory factors it relied upon in determining the minor’s maturity. The trial court concluded that one factor (age) weighed in favor of granting the minor’s petition and that two factors (intelligence and emotional development) were neutral. The trial court found that the remaining factors weighed against granting the petition. Although this portion of the trial court’s analysis was heavily subjective, I nonetheless find the analysis flawed.
In several places in the trial court’s order, it extrapolated a conclusion based upon the minor’s attempt to avail herself of the legislatively created mechanism of parental deception. In paragraph six of the order, regarding the minor’s credibility and demeanor, the trial court found that the minor had “good demeanor during her testimony.” The court then went on to find that the minor was not a credible witness and could be deceiving the court because “[i]f she can deceive her parents— who probably know her better than any other person in the world — she would have no problem deceiving the Court.” In paragraph seven of its order regarding the minor’s ability to accept responsibility, the court stated that this factor did not weigh in favor of waiving parental notification because she would “be best served to have input from her parents.” In discussing the minor’s ability to understand the medical risks of terminating her pregnancy, the court asked her how she would deal with medical problems. She responded that she would tell her parents “she was not feeling good.” In paragraph nine, the court stated “that lie would only perpetuate the deceit between her and her parents.” In the best interest prong of the court’s analysis, the court found that it was “highly probable — if not certain — that [the parents] will eventually find out about the pregnancy and abortion. Believing otherwise is simply wishful thinking.”
The trial court, perhaps reasonably, was obviously very concerned by the deception of the parents on this important subject that could have long-term physical and emotional repercussions for their child. However, the State of Florida through its Constitution and Statutes has created a mechanism by which minors can deceive their parents in order to receive an abortion. While I agree with Judge Makar that we should grant a high degree of deference to the trial court in these ex parte, non-adversarial proceedings, it is an *726 abuse of discretion to use the fact that the minor has availed herself of this mechanism of deception as the reason for denying the waiver.
For these reasons, I feel compelled to reverse.